UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- ----X
                                              :

**MONICA KNOLL,**                            MEMORANDUM
                                              :          <u>OPINION AND ORDER</u>

               **Plaintiff,**

                                              :            02 Civ. 9120 (SAS)

   - against -

                                              :

**EQUINOX FITNESS CLUBS n/k/a**
**EQUINOX HOLDINGS, INC., EQUINOX**         :
**WELLNESS CENTER INC., HARVEY J.**
**SPEVAK, and THE EQUINOX HEALTH**         :
**AND WELFARE PLAN,**

                                              :

               **Defendants.**
------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

### I. BACKGROUND

        Judgment in this case was entered on December 8, 2006. In an endorsement dated December 22, 2006, plaintiff was directed to file her Bill of Costs by January 12, 2007. Before doing so, plaintiff filed a Notice of Appeal on January 10, 2007. Plaintiff subsequently filed a Verified Bill of Costs on January 11, 2007. In an Order dated March 1, 2007, the Clerk of the Court was directed to remove plaintiff's Bill of Costs from the docket because it was prematurely filed as her case was then on appeal.[1] On March 7, 2007, plaintiff moved to vacate this

---

[1] *See* Local Civil Rule 54.1(a) ("Costs will not be taxed during the pendency of any appeal.").

Order and reinstate her Bill of Costs pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). On April 11, 2007, plaintiff filed a Notice of Request for the Taxation of Costs, which sought $10,161.85 in costs incurred in connection with defendants' Counterclaim.[2] The taxation hearing that would have been held in connection with this Bill of Costs was stayed pending the conclusion of plaintiff's appeal to the Second Circuit.

By Order dated June 13, 2007, the Second Circuit dismissed plaintiff's appeal as untimely. Shortly thereafter, defendants sent a letter dated June 18, 2007, to David Thomas, a clerk in the Judgment Clerk's Office, objecting to plaintiff's Bill of Costs ("Objections").[3] On July 3, 2007, the Second Circuit

---

[2] Claiming that plaintiff breached the Release she signed by bringing the above-captioned action, defendants counterclaimed for damages including attorney's fees. At a conference held on July 15, 2003, I instructed the parties not to brief the Counterclaim issue because it could be summarily dismissed. On December 22, 2003, this Court dismissed defendants' Counterclaim on summary judgment. *See Knoll v. Equinox Fitness Clubs*, No. 02 Civ. 9120, 2003 WL 23018807, at *9 (S.D.N.Y. Dec. 22, 2003) (dismissing defendants' claim for litigation costs because defendants did not expressly state their intention to seek damages if the Release was breached).

[3] *See* 6/18/07 Letter from Christina L. Feege, counsel for defendants, to David Thomas, Judgment Clerk, Ex. 1 to the Declaration of Christina L. Feege in Support of Motion to Strike Costs ("Feege Decl."). Defendants' letter was stamped received by the Judgment Clerk's Office on June 26, 2007. *See* Ex. 1 to the Declaration of Christina L. Feege in Further Support of Motion to Strike Costs ("Feege Supp. Decl.").

2

certified the Mandate dismissing plaintiff's appeal as untimely to the district court. Plaintiff then filed a Notice of Request for the Taxation of Costs on July 10, 2007, which was served on defendants through the Court's Electronic Case Filing ("ECF") system. On July 16, 2007, after a hearing, the Judgment Clerk taxed costs against defendants in the amount of $10,161.85.[4] On July 20, 2007, defendants filed the instant motion to strike plaintiff's Bill of Costs. For the following reasons, defendants' motion is granted and plaintiff's Bill of Costs is struck in its entirety.[5]

## II. DISCUSSION

### A. Defendants Have Not Defaulted

In her opposition to defendants' motion to strike, plaintiff argues that defendants defaulted and waived any and all objections to plaintiff's Bill of Costs because they: (1) did not "file with the court" their Objections at or before the

---

[4] Defendants claim that they have been informed by Joseph Finneran, a Judgment Clerk of this Court, that although defendants properly filed their Objections with the Judgment Clerk's Office, Finneran did not have a copy of the Objections in his file at the time he taxed costs and, thus, he was unaware of the Objections. *See* Feege Decl. ¶ 2.

[5] Although I address the merits of defendants' motion to strike, plaintiff's opposition to that motion was one day late. This delay, albeit slight, serves as an alternative basis to strike plaintiff's Bill of Costs in its entirety.

hearing; and (2) did not appear at the taxation hearing.[6] Both arguments are without merit. As explained in defense counsel's Supplemental Declaration, defendants were advised by David Thomas to file their written objections directly with the Judgment Clerk's Office.[7] Defendants are correct that there is no requirement that objections be "filed" prior to or at the time of taxation.[8] Therefore, defendants are not in default.[9] In a similar vein, defendants were not required to appear at the formal taxation hearing given their previous submission of written objections. In sum, defendants have not defaulted, nor have they waived their objections to plaintiff's Bill of Costs.[10]

---

[6] Plaintiff's Amended Response to Defendants' Motion to Strike Costs ¶ 3 ("On July 16, 2007, Defendants' counsel failed to appear at the hearing, and failed to file with the [C]ourt objections to the plaintiff's bill of costs at or before the hearing.").

[7] *See* Feege Supp. Decl. ¶ 5.

[8] *See id.* ¶ 6 (citing Local Civil Rule 54.1(b) ("A party objecting to any cost item shall *serve* objections in writing prior to or at the time for taxation.") (emphasis added)).

[9] The cases cited in plaintiff's Amended Response – *L&B 57th Street, Inc. v. E.M. Blanchard, Inc.*, No. 95 Civ. 3450, 1997 WL 403430, at *1 (S.D.N.Y. July 16, 1997) and *Weisbart v. United States Dep't of Taxation*, No. CV-97-6020, 2001 WL 1782873, a t *3 (E.D.N.Y. Nov. 13, 2001) – are inapposite because, in both cases, the objecting party failed to make written objections prior to or at the hearing.

[10] In any event, Federal Rule of Civil Procedure 54(d)(1) provides that: "On motion served within the next 5 days [after the taxation of costs], the court may

### B. The Costs Requested by Plaintiff Are Not Taxable

In her Bill of Costs, plaintiff included court reporter and process server fees, as well as charges for overnight delivery and duplication.[11] "In the absence of written objection, any item may be taxed within the discretion of the clerk."[12] Costs for depositions are "taxable if they were used by the court in ruling on a motion for summary judgment or other dispositive substantive motion."[13]

In connection with her Bill of Costs, plaintiff seeks deposition costs allegedly incurred in "plaintiff's success in dismissing the Counterclaim filed by the defendants."[14] But this Court did not rely on any deposition transcripts in dismissing defendants' Counterclaim. At a conference held on June 23, 2003, after considering plaintiff's June 9, 2003 pre-motion letter,[15] I instructed the parties not

---

review the clerk's action." *See also L&B 57th Street, Inc.,* 1997 WL 403430, at *1. Here, defendants' motion to strike was filed electronically on July 20, 2007, which is within five days of the taxing of costs. *See* ECF Document # 116.

[11] *See* Verified Bill of Costs, Ex. A to Feege Decl.

[12] Local Civil Rule 54.1(b).

[13] *Id.* 54.1(c)(2). "Depositions are considered 'used' if they were submitted as part of the summary judgment motion and considered by the Court in reaching its decision." *L&B 57th Street, Inc.*, 1997 WL 403430, at *2.

[14] Verification of Nina H. Kazazian, annexed to plaintiff's Bill of Costs.

[15] *See* 6/9/03 Letter from Nina H. Kazazian to this Court, Ex. 2 to the Feege Decl. ("As a matter of law, Defendants' Counterclaim must be dismissed.").

to brief the Counterclaim issue.[16] Without any additional briefing, I granted plaintiff's request and dismissed the Counterclaim on summary judgment.[17] Because the depositions in issue were not "used" in dismissing defendants' Counterclaim, the court reporter fees associated with such depositions are not taxable. Accordingly, all of plaintiff's requests for court reporter fees are hereby struck from her Bill of Costs (Tabs # 1-4, 7, 9-10, 12).

In addition, plaintiff has already recovered fees for the deposition transcripts of Ellen Lory and Matthew Herbert, which she now includes in her Bill of Costs (Tabs # 3 & 4). In his Report and Recommendation awarding plaintiff attorney's fees and costs, Magistrate Judge Douglas F. Eaton excluded the following "Court Reporter fees for witnesses whose testimony related only to [plaintiff's] dismissed claims [fraudulent inducement, economic duress, and repudiation]:

3/14/03     Harvey Spevak           $1,805.00

---

[16] Plaintiff concedes as much in the Declaration of Nina H. Kazazian in Support of Plaintiff's Application for Attorney's Fees and Costs, Ex. B to Feege Decl., ¶ 17 ("Without requiring additional briefing, at the Pre-Motion Conference held June 23, 2003, the [C]ourt granted plaintiff's request and dismissed defendants' counterclaim on summary judgment. *See* Memorandum Order (12/13/03) [Docket #31], pp. 23 to 24.").

[17] *See Knoll*, 2003 WL 23018807, at *9 (dismissing defendants' Counterclaim based on the language of the Release).

```
5/21/03      Kathy Reilly              1,472.50
7/15/03      Harvey Spevak               910.00
7/24/03      Harvey Spevak               510.00"[18]
```

Judge Eaton therefore allowed fees for the depositions of Matthew Herbert and Ellen Lory. In modifying and adopting the Report and Recommendation, I did not strike these costs.[19] Because plaintiff has already recovered the fees for the Herbert and Lory depositions in her previous fee award, she cannot recover these fees a second time.

Furthermore, Judge Eaton also noted that the court reporter fee for the deposition of Dos Condon ($1,171.70) was deducted from plaintiff's fee request because: "Plaintiff is not seeking recovery of the costs of certain depositions [plural] of witnesses whose testimony only related to the dismissed claims, including the deposition of Dos Condon."[20] Yet fees for these depositions reappear in plaintiff's Bill of Costs as the last item requested (Tab # 12). Plaintiff has

---

[18] 7/24/06 Report and Recommendation ("R&R") at 18.

[19] *See Knoll v. Equinox Fitness Clubs*, No. 02 Civ. 9120, 2006 WL 2998754, at *4 (S.D.N.Y. Oct. 20, 2006) ("Judge Eaton found that the testimony of Spevak and Kathy Reilly related only to the dismissed claims and therefore disallowed the court reporter fees for the depositions of these witnesses. Plaintiff has shown no reason to disturb that finding.").

[20] R&R at 18 (quotation marks omitted) ("In reality, the Court Reporter fee for Condon was $1,171.70, and hence that was the only deduction that Ms. Kazazian made from Exh. D.").

7

shown no basis for recovery of these fees.

Plaintiff also includes process server and research fees related to the *attempted* deposition of Lorna Montano (Tabs # 5 & 11). Montano, the former benefits administrator at Equinox, had no role in the formation of the Release that was the subject of defendants' Counterclaim. Furthermore, Montano was never deposed and any testimony she could have given was unrelated to defendants' Counterclaim. Accordingly, any and all expenses related to Montano are not taxable and must be struck.

Finally, plaintiff seeks $38.61 in "Duplication Charges related to dismissal of Counterclaim" and the following Federal Express charges: $31.53 in "FedEx Charges to court and opposing counsel re: dismissal of Counterclaim;" $36.33 in "FedEx charges re: Spevak cont'd deposition;" and $46.18 in "Fed Ex charges re: deposition." The duplication costs are not taxable because they all post-date the June 23, 2003 conference in which I instructed the parties not to brief the Counterclaim issue.[21] Furthermore, the entries on Tab # 6 do not specify what was photocopied or for what purpose. Without these details, the charges are too vague to be recoverable. Finally, the Federal Express charges are not

---

[21] *See* Tab 6, annexed to plaintiff's Bill of Costs (listing $8.21 for an Ameri Copy Printing, Inc. invoice dated 6/26/03; $4.00 for in-house copying on 6/30/03; and $26.40 for in-house copying on 7/31/03).

8

specifically taxable under Local Civil Rule 54.1 and, therefore, cannot be recovered. Alternatively, most of the Federal Express charges relate to depositions which were not related to the Counterclaim. If the deposition transcript fees are not recoverable, neither are the Federal Express charges incurred in connection with those depositions. Accordingly, the costs contained in Tabs # 6 and 8 are hereby struck.

For the foregoing reasons, defendants' motion is granted and plaintiff's Bill of Costs is struck in its entirety. The Clerk of the Court is directed to close this motion [Document # 116]. Furthermore, the Clerk of the Court is directed to consider defendants' Verified Bill of Costs [Document # 33], together with Plaintiff's Objections, forthwith.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
December 19, 2007

9

## - Appearances -

**For Plaintiff:**

Nina H. Kazazian, Esq.
1700 Lincoln Street
Suite 3850
Denver, Colorado 80233
(303) 860-8400

**For Defendants:**

Christina L. Feege, Esq.
Littler Mendelson, P.C.
885 Third Avenue - 16th Floor
New York, New York 10022
(212) 583-9600